996 P.2d 298

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Eugene W. WRIGHT, Defendant–Appellant.**

No. 24568.

Supreme Court of Idaho,
Twin Falls, November 1999 Term.

Feb. 25, 2000.

Patrick A. McMillen, Gooding, for appellant.

Hon. Alan G. Lance, Attorney General; Rebekah A. Cude, Deputy Attorney General,

Boise, for respondent. Rebekah A. Cude argued.

SILAK, Justice.

In this companion case to *State v. Wright*, 134 Idaho 73, 996 P.2d 292 (2000), appellant appeals the district court's denial of a motion to suppress and the sentence imposed. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Factual Background

The facts of this case are identical to those set forth in the companion case, *State v. Wright*, 134 Idaho 73, 996 P.2d 292 (2000).

### B. Procedural Background

On September 8, 1997, E. Wright was charged with trafficking in methamphetamine. On November 6, 1997, he moved to suppress "all evidentiary fruits" obtained by the State as a result of his arrest. On December 3, 1997, the district court issued its order denying E. Wright's motion to suppress. E. Wright later entered a Rule 11 conditional guilty plea to trafficking in methamphetamine, preserving his right to appeal the district court's denial of his motion to suppress. The district court sentenced E. Wright to a unified twenty-year sentence with five years fixed, in addition to a $10,000 fine. E. Wright then filed a Rule 35 motion for reduction of sentence, which was denied. E. Wright appeals the denial of his motion to suppress and the sentencing order of the district court.

## II.

## ISSUES ON APPEAL

A. Whether the district court erred in denying E. Wright's motion to suppress.

B. Whether the district court abused its discretion in sentencing E. Wright.

## III.

## STANDARD OF REVIEW

The standard of review of a district court's denial of a motion to suppress is two-

fold. The appellate court will not overturn the trial court's factual findings unless they are clearly erroneous. However, the application of constitutional standards to the facts found by the district court is given free review. *See State v. DuValt*, 131 Idaho 550, 552–53, 961 P.2d 641, 643–44 (1998); *State v. Bush*, 131 Idaho 22, 28, 951 P.2d 1249, 1255 (1997).

In reviewing whether the district court abused its discretion in sentencing, this Court "conducts an independent review of the record, focusing on the nature of the offense, the character of the offender, and the protection of the public interest." *State v. McAway*, 127 Idaho 54, 61, 896 P.2d 962, 969 (1995). The Court must consider: (1) the protection of society; (2) deterrence of the defendant and others; (3) the possibility of the defendant's rehabilitation; and (4) punishment or retribution for the defendant in determining whether the sentence is excessive under any reasonable view of the facts. *Id.* However, the Court will not substitute its view for that of the sentencing judge if the situation is such that reasonable minds might differ. *See State v. Newman*, 124 Idaho 415, 418, 860 P.2d 618, 621 (1993). The Court also considers the fixed portion of a sentence imposed under the Unified Sentencing Act to be the term of confinement for the purpose of appellate review. *Id.* A clear abuse of discretion is shown only if the defendant establishes that, considering the sentencing objectives, the sentence is excessive under any reasonable view of the facts. *See State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds, State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992).

## IV.

## ANALYSIS

### A. The District Court Properly Denied E. Wright's Motion To Suppress On The Basis That The Search Of A. Wright's Purse Was Lawful Under *Terry v. Ohio*.

The State argued on appeal that E. Wright lacks standing to seek suppression of

the evidence obtained from the search of A. Wright's purse, as he did not have a reasonable expectation of privacy in his wife's purse. However, since this issue was not raised in the district court, we will presume without deciding that E. Wright had standing to challenge the search.

We affirm the district court's order denying E. Wright's motion to suppress on the basis that the warrantless search of A. Wright's purse was lawful as part of an investigatory *Terry* stop and frisk.

In the companion to this case, *State v. Wright*, 134 Idaho 73, 996 P.2d 292 (2000), we held that the search of A. Wright's purse was lawful under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In reaching our conclusion, we reasoned as follows:

> In *Terry v. Ohio,* the United States Supreme Court acknowledged the right of police to stop and question an individual absent sufficient probable cause to make an arrest. 392 U.S. at 30, 88 S.Ct. at 1884, 20 L.Ed.2d at 911. This *Terry* detention standard has been adopted in Idaho and has been explained by this Court as follows:
>
>> An individual who is accosted by a police officer and has his freedom to walk away restrained has been seized. Not all seizures of the person need be justified by probable cause to arrest for a crime; a police officer may, in appropriate circumstances and in an appropriate manner, detain a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. Such a seizure is justified under the Fourth Amendment if there is an articulable suspicion that the person has committed or is about to commit a crime.
>
> *State v. Rawlings,* 121 Idaho 930, 932, 829 P.2d 520, 522 (1992) (citations omitted).
>
> If the police officer's suspicions are "confirmed or further aroused, the stop may be prolonged and the scope of the investigative stop enlarged." *State v. Johns,* 112 Idaho 873, 877, 736 P.2d 1327, 1331 (1987). Thus, this Court has concluded that the "'proper inquiry is to look at the totality of the circumstances and ask whether the facts available to the officers at the time of the stop gave rise to a reasonable suspicion, not probable cause to believe, that criminal activity may be afoot.'" *DuValt,* 131 Idaho at 553, 961 P.2d at 644 (quoting *State v. Gallegos,* 120 Idaho 894, 897, 821 P.2d 949, 952 (1991)). This standard is less demanding than a probable cause standard. *Id.*
>
> Once a lawful stop has been made, an officer may conduct a limited self-protective pat down search of a detainee and remove anything that feels like a weapon. *See Johns,* 112 Idaho at 877–77, 736 P.2d at 1330–31. "Such a search is allowed to permit a police officer to conduct the inquiry without fear of violence being inflicted upon the officer's person." *Rawlings,* 121 Idaho at 933, 829 P.2d at 523. Whether an officer may reasonably justify such a search is evaluated in light of the "facts known to the officers on the scene and the inference of the risk of danger reasonably drawn from the totality of the circumstances." *State v. Simmons,* 120 Idaho 672, 676, 818 P.2d 787, 791 (Ct.App. 1991). Additionally, based upon the specific facts of the situation and the reasonable inferences drawn therefrom, police officers are entitled to engage in the use of handcuffs in limited investigatory stops to maintain their safety:
>
>> If the use of the handcuffs is a reasonable precaution to ensure the officers' safety, the use of the handcuffs is warranted during the limited stop. If the investigative detention becomes unreasonable, the detention is transformed into an arrest. In determining if the detention becomes unreasonable, the court is to consider: (1) the duration of the invasion imposed by the additional restriction; and (2) the law enforcement purposes served.
>
> *DuValt,* 131 Idaho at 554, 961 P.2d at 645 (citations omitted).
>
> In *State v. Wright,* 134 Idaho 73, 996 P.2d 292 (2000), we held that the district court's findings were supported by substantial and competent evidence. We found that under the totality of the circumstances, Pietrzak had a reasonable, articulable suspicion that criminal activity may be afoot, and in order to ensure his safety and that of A. Wright, the search of her purse was lawful under

*Terry.* The totality of the circumstances in this case included all of the facts known to the deputies from the time of the traffic stop forward. We noted that the initial stop was made at night on a rural road. A knife was on the dashboard of the vehicle when Pietrzak first approached, and weapons were found on E. Wright when he was arrested. Immediately after E. Wright was placed in the patrol car, A. Wright emerged from the pick-up truck through the driver's side and began acting unusually agitated and clutching her purse. A. Wright became even more volatile as the encounter developed. Under these facts, we held that a reasonable person could believe that criminal activity may be transpiring. Pietrzak then asked A. Wright if she had weapons in her purse. She replied that she had a knife in her purse and attempted to reach into her purse. This statement, we felt, confirmed to Pietrzak that A. Wright was armed and possibly dangerous. Because the evidence presented indicates that the deputies reasonably believed their safety was in question, the search of the purse was reasonable and lawful.

We also held that the use of handcuffs in this case was reasonable and lawful under the totality of the circumstances. The fact that an individual is handcuffed and placed in a patrol car during an investigative stop does not automatically transform the encounter into an arrest requiring probable cause. Strong but reasonable measures to insure the safety of the officers may be taken in such a case. *See State v. Johns,* 112 Idaho at 878, 736 P.2d at 1332. Here, the deputies placed A. Wright in handcuffs only after she told them she had a knife in her purse and started to reach into her purse to retrieve it. Therefore, we find the district court was correct in concluding that, under the circumstances, the handcuffs were a reasonable means of conducting the investigatory stop.

Therefore, because we found that the search of A. Wright's purse was lawful under *Terry v. Ohio,* we affirm the district court's denial of E. Wright's motion to suppress.

## B. The District Court Did Not Abuse Its Discretion In Sentencing E. Wright.

We hold that the district court did not abuse its discretion in sentencing E. Wright. During the sentencing hearing, the district court reviewed the sentencing objectives and the factors of I.C. § 19–2521, including the nature of the crime and the character of the defendant. The court then evaluated those objectives and factors in light of the facts contained in the Pre–Sentence Investigation Report (PSI). The PSI indicated that E. Wright was convicted in 1974 for felony arson and again in 1989 for felony possession of a controlled substance with intent to deliver. He violated his probation on the possession conviction three times, resulting in its revocation in 1995. Since 1975, E. Wright has accumulated ten misdemeanor convictions. At the time of his arrest, A. Wright was in possession of 46.4 grams of methamphetamine, and 10.8 grams of marijuana, which E. Wright admitted to placing in A. Wright's purse when they were stopped by Pietrzak. In addition, E. Wright was in possession of several weapons. At the time of sentencing, E. Wright was unemployed, with no significant employment other than as a self-employed "jack-of-all-trades" since at least 1995. He and his wife were vague about their assets and liabilities. This information, combined with the quantity of methamphetamine found in A. Wright's purse led the district court to find that E. Wright fit the criteria of a multiple offender or professional criminal under I.C. § 19–2521(1)(f):

> A multiple offender, by definition, you are as a result of your prior convictions. The professional criminal aspect . . . it appears by what you were found to have in this case, as well as the way it was packaged, would be difficult to argue objectively that you weren't in the business of trafficking or doing this for profit.

The court reviewed E. Wright's drug and criminal history and found the likelihood that E. Wright would commit another offense "is a certainty."

The district court then examined a substance abuse evaluation of E. Wright which

stated, "[t]he defendant has a late stage chronic methamphetamine problem. The prognosis is very poor.... I see no alternative at this point, except being incarcerated and him taking treatment while he is incarcerated and with a long follow-up with that...."

The district court explained that extending the indeterminate portion of the prosecutor's recommendation was intended to provide some leverage or motivation for E. Wright to work to rehabilitate himself and that a lesser sentence would depreciate the seriousness of the crime.

▇ E. Wright's argument that $10,000 is an excessive fine is unpersuasive in light of the fact that I.C. § 37–2732B(a)(3)(A) mandates a minimum sentence for trafficking in excess of 28 grams of methamphetamine and includes a fine of $10,000.

Therefore, based upon the record and evidence presented during the sentencing hearing, we affirm the district court's exercise of its discretion in sentencing E. Wright.

## V.

### CONCLUSION

We affirm the district court's order denying E. Wright's motion to suppress and the sentencing order.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL, concur.