45 P.3d 838

**STATE of Idaho, Plaintiff–Appellant–Cross–Respondent,**

v.

**Christopher M. CARD, Defendant–Respondent–Cross–Appellant.**

**No. 26450.**

Supreme Court of Idaho,
Boise, December 2001 Term.

April 12, 2002.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for appellant. Karen A. Hudelson argued.

Matthews Law Offices; Griffard Law Offices, Boise, for respondent. Leo N. Griffard argued.

WALTERS, Justice.

This appeal addresses the State's challenge to the district court's grant of Defendant, Christopher Card's ("Card") motion to suppress evidence and to quash an indictment for failing to substantially comply with the statutory scheme requiring peace officers to execute search warrants. Card cross-appeals the district court's denial of his alternative motion to dismiss the indictment for having an unauthorized deputy attorney general present evidence to the grand jury. We uphold the decision of the district court as to the improper execution of the warrant to search Card's business and residence, and we affirm both the suppression order and the order quashing the indictment.

## FACTS AND PROCEDURAL BACKGROUND

Card is an optometrist who practices and resides in Caldwell, Idaho. In August 1995, the Idaho State Tax Commission received an anonymous tip that Card was avoiding the payment of a portion of his income taxes. In December 1995, the Idaho State Tax Commission notified Card that his tax returns for the years 1992, 1993 and 1994 had been selected for an audit. The purpose for this audit was to determine if there were suffi-

cient grounds to file income tax evasion charges against Card.

During the course of the audit, Card failed to comply with the auditors' requests to meet with Card and for the delivery of certain documents. Affidavits from both Sherman Burger, Audit Supervisor, Tax Discovery Bureau of Idaho State Tax Commission and Virginia Hazzard, Principal Income Tax Auditor, Income Tax Audit Bureau of the Idaho State Tax Commission, were filed in support of requests for warrants to search Card's business and home. The search warrants were issued on June 20, 1997. Three officers from the Caldwell Police Department accompanied Burger and two teams of employees from the tax commission who executed the warrants. On June 26, 1997, Burger filed returns for the search warrants with the magistrate along with the inventories of the items seized.

Deputy Attorney General Jason Griess ("deputy" or "Griess") presented evidence to the grand jury, and Card was charged by indictment with three counts of felony income tax evasion under Idaho Code § 63–3075 on December 8, 1998. The indictment alleged that Card's tax returns for the years 1992, 1993 and 1994 contained false statements made for the purpose of attempting to evade the payment of taxes. Following the indictment, the Ada County Prosecuting Attorney ("Ada County") appointed Greiss as a special prosecutor to handle Card's case pursuant to Idaho Code § 31–2603. A request was also made by Ada County to the district court for the appointment of Griess as a special prosecutor. On February 8, 2000, the district court ordered that Greiss be appointed as a special prosecutor pursuant to I.C. §§ 31–2604 and 31–2603(b).

Card filed a motion to dismiss the indictment asserting, among other things, that the deputy attorney general was unauthorized to present evidence to the grand jury. Card also filed a motion to suppress evidence seized pursuant to the search warrants permitting the search of his home and business. To support his motion to suppress, Card argued that the search warrants were unlawfully issued because the supporting affidavits contained materially false and misleading statements and that the search warrants were unlawfully executed.

The district court denied Card's motion to dismiss as it related to the deputy attorney general's presence at the grand jury proceeding and Card's motion to suppress for misleading affidavits. The district court, however, granted the motion to suppress as it related to the execution of the search warrants, and quashed the indictment. The district court found that the role that the Tax Commission employees played in the execution of the search warrants did not substantially comply with the statutory scheme requiring peace officers to execute search warrants. The State appeals the district court's order granting the motion to suppress and quashing the indictment. Card cross-appeals, contending the district court erred by denying his motion to dismiss.

## ISSUES ON APPEAL

1. Did the district court err by finding the execution of the search warrants failed to substantially comply with the relevant statutory scheme requiring peace officers to execute search warrants?

2. Did the district court err by denying Card's motion to dismiss the indictment by allowing an unauthorized attorney general to act as a special prosecutor pursuant to I.C. § 31–2603?

## STANDARD OF REVIEW

■ The review of a district court's grant or denial of a motion to suppress is two-fold. This Court will not overturn the trial court's factual findings unless they are clearly erroneous. However, this Court will freely review a trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Wright,* 134 Idaho 79, 81, 996 P.2d 298, 300 (2000).

■ This Court applies an abuse of discretion standard when it reviews the decision of a trial court on a motion to dismiss. *State v. Hammersley,* 134 Idaho 816, 818, 10 P.3d

1285, 1287 (2000) (citing *State v. Pratt,* 125 Idaho 546, 556, 873 P.2d 800, 810 (1993)).

## DISCUSSION

The State argues that the district court erred by suppressing evidence that was obtained from a valid search warrant where state tax commission employees aided the officers in the execution of the search. The State further asserts that even if the search did not substantially comply with the relevant statutes that the error was not of a constitutional dimension and the evidence should not be suppressed. *See State v. Mason,* 111 Idaho 660, 667, 726 P.2d 772, 778 (Ct.App.1986). Card asserts the district court properly suppressed the evidence because there was not substantial compliance with the relevant statutes.

The district court found that the tax commission employees rather than the Caldwell Police Department were executing the search warrants, which led to the intrusion into Card's home and business. The district court granted the motion to suppress evidence gathered under the search warrants solely for failure to substantially comply with Idaho's statutory scheme governing searches.

■ Idaho Constitution Article I, § 17 protects an individual's right to be free from unreasonable search and seizure. This protection is supplemented by Idaho's statutory scheme governing search warrants, codified in I.C. §§ 19–4401—4420 and by Idaho Criminal Rule 41. Initially, I.C. § 19–4401 defines a search warrant. The code sections pertinent to this case are I.C. § 19–4408 which provides:

Service of Warrant

A search warrant may in all cases be served by any of the officers mentioned in its directions, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution.

I.C. § 19–4413, which states:

Receipt for property taken

When the officer takes property under the warrant, he must give a receipt for the property taken (specifying it in detail) to the person from whom it was taken by him, or in whose possession it was found; or, in the absence of any person, he must leave it in the place where he found the property.

And I.C. § 19–4415, which provides:

Return of warrant

The officer must forthwith return the warrant to the magistrate, and deliver to him a written inventory of the property taken, made publicly or in the presence of the person from whose possession it was taken, and of the applicant for the warrant, if they are present, verified by the affidavit of the officer at the foot of the inventory, and taken before the magistrate at the time, to the following effect: "I, R.S., the officer by whom this warrant was executed do swear that the above inventory contains a true and detailed account of all the property taken by me on the warrant."

■ Idaho case law makes it clear that where a search warrant is improperly returned or the inventory fails to list all items seized, the mistake is ministerial and the procedural defect does not merit suppression of the evidence absent a showing of prejudice by the defendant. *See e.g., State v. Bussard,* 114 Idaho 781, 787, 760 P.2d 1197, 1203 (Ct. App.1988); *State v. Mason,* 111 Idaho 660, 726 P.2d 772 (Ct.App.1986); *State v. Curry,* 103 Idaho 332, 647 P.2d 788 (Ct.App.1982). In this case, Card has not shown any prejudice flowing from the preparation by the auditor, Mr. Burger, of the warrant and inventory or by Mr. Burger's delivery of them to the magistrate.

This Court in *State v. Mathews,* 129 Idaho 865, 869, 934 P.2d 931, 935 (1997), stated

This Court from its earliest interpretations of Article I, § 17 of the Idaho Constitution has held that the right afforded individuals to protection of their persons and homes is so fundamental as to require strict adherence to the constitutional and statutory requirements.

Beyond that, Idaho case law does not give guidance as to the scope of suppression when the execution of the search is improper.

Other states have addressed issues similar to those raised in this case. We find helpful

the approach explained by the Florida courts. Florida has a statutory provision similar to I.C. § 19–4408, and a similar admonition that there should be strict adherence to search and seizure statutory provisions. The courts there have held that authorized police authorities are allowed to request assistance in conducting search and seizures. *See State v. Vargas,* 667 So.2d 175 (Fla.1995); *Morris v. State,* 622 So.2d 67 (Fla.Dist.Ct.App.1993). The request for assistance may not, however, replace the role that the authorized officers are to play. *Id.*

The Florida Supreme Court has held that the officer authorized by the warrant to conduct the search and seize the evidence designated must participate in or supervise the search even where he requires the assistance of others to do so. While the level of supervision and participation may vary depending upon the circumstances, it is absolutely essential that the officer authorized be present when and where the search is conducted and carry out his responsibility to see that the warrant is properly executed and that its authorization is not exceeded. It is not enough that the authorized officer wait in another room while the search is conducted by others.

*Vargas,* 667 So.2d at 177 (quoting *Morris,* 622 So.2d at 69). The Florida court further held that it was proper for an authorized officer to request assistance for search-related tasks that are numerous, repetitive, or burdensome by unauthorized persons. *Id.* However, the basic tasks of the search must be performed by the authorized officer. *Id.*

Mere physical proximity is not sufficient to satisfy the presence and activity requirements of the statute. When a warrant is properly executed, an objective observer should be able to distinguish between an authorized supervisor and that person's aide. The assignment, in this case, of the reading, recording, and custodial duties certainly makes the execution suspect, if not outright invalid.

*Id.*

The facts in *Morris v. State,* 622 So.2d 67 (Fla.Dist.Ct.App.1993), are similar to this case. Morris, a medical doctor, was charged with Medicaid fraud. A search warrant was issued to search Morris' premises for certain records. Morris' office was searched by six employees of the Auditor General's office accompanied by one police officer. The Auditor General employees conducted the search and prepared the inventory sheet. The officer signed the inventory sheet, but did not check the accuracy or determine that the items were actually seized by the employees. The court found that the Auditor General had a right to inspect a physician's premise and assist an authorized officer in the execution of a warrant but that the search was improper and the evidence should be suppressed. *Id.* at 69–70. The court said:

It is not by accident that the statute limits the execution of a search warrant to the police officer designated in the warrant. This is the essential purpose of [the statute]. Police officers are sworn officers of the law who take appropriate oaths to carry out the provisions of the federal and state constitutions and the laws of he state and nation. This oath is of no small moment as a protection to our citizens when their privacy is lawfully intruded upon by a search pursuant to a warrant. In other words, it is of great importance that the police authorized to conduct the search lawfully do so. They are especially charged and trained to see that the search is carried out properly, lawfully, and in accord with the provisions of the warrant. There [are no provisions] that would permit this responsibility to be delegated to an unauthorized person. This delegation, in effect, strips away the citizen's protection provided for in the statute.

*Id.* at 69. " 'A court is reluctant to suppress evidence, which if obtained in a lawful fashion, would have been of compelling importance to the prosecution for felony. But there is no other course by which a court can insist upon compliance by police officers with the requirements of the law with respect to searches and seizures than to suppress evidence illegally obtained.' " *Id.* at 70 (quoting *Hesselrode v. State,* 369 So.2d 348, 351 (Fla. Dist.Ct.App.1979)).

There is also a line of cases, which allows an authorized officer to assist in a search

where the officer may not be qualified to find the items to be seized. *See e.g., State v. Kern*, 81 Wash.App. 308, 914 P.2d 114 (1996) (evidence not suppressed where officer dropped off warrant for bank records with bank employee, bank employees thereafter searched for the items listed in the warrant and mailed them to the officer); *Harris v. State*, 260 Ga. 860, 401 S.E.2d 263 (1991) (dentist aided the police in executing search warrant by creating impressions, x-rays and photographs of defendant's teeth); *U.S. v. Schwimmer*, 692 F.Supp. 119 (E.D.N.Y.1988) (evidence not suppressed where computer expert seized computer records for peace officers). In *State v. Kern*, the Washington Court of Appeals found that the evidence seized by non-officers did not need to be suppressed because "the searching civilians were employees of the searched entity, which was a disinterested third party; they were searching for specifically described records, according to a routine procedure. Therefore, despite the lack of police supervision, there was very little chance that the scope of the warrant was exceeded." 914 P.2d at 118. However, in *Commonwealth v. Sbordone*, 424 Mass. 802, 678 N.E.2d 1184 (1997), the search, although complex and requiring civilian assistance, was found to exceed the scope of assistance since the civilian's role should have been limited by the officers supervising him instead of allowing complete latitude to the physician's files. *Id.* at 1189.

█ The facts in this case, are even more egregious than in *Morris* and *Sbordone*. Here, the Caldwell police officers were present for the service of the search warrants but played an extremely passive role in the execution of the warrant. Mr. Burger prepared and directed the coordination of both searches, including reading the search warrant to the occupants at both locations to be searched and then having his teams of tax commission employees conduct the searches. The officers were, at times, in the same locations as the teams but did not follow the teams of employees around to see what they were doing. The officers all claim that they would have no idea what they would have been searching for as they were not involved in the prior investigation that led to the issuance of the search warrants. Mr. Burger prepared the warrant receipt, which he delivered to the magistrate. He further prepared the inventory of the seized items and on the heading crossed out the words "Caldwell Police Department" and wrote "State Tax Commission" in its place, which the officers stated they did not have anything to do with. The search by the teams of tax commission employees exceeded assisting the officers and thereby did not comply with the statutory scheme enacted to prevent unlawful intrusion into an individual's home and business.

█ As noted at the outset, the statutes relating to issuance, execution and returns of search warrants supplement the constitutional prohibition against unreasonable searches and seizures. Violation of the statutory scheme in this case resulted in an unreasonable search and seizure with respect to Card's office and home. Suppression of the evidence is an appropriate remedy to discourage the government agents from engaging in unreasonable searches and seizures in violation of the state constitution. *See, e.g., State v. Rauch*, 99 Idaho 586, 586 P.2d 671 (1978) (evidence obtained in violation of "knock and announce" statute held inadmissible as protected by constitutional prohibition against unreasonable search and seizure). Accordingly, this Court holds that the district court did not err in granting Card's motion to suppress the evidence and in quashing the indictment.

Because we conclude that the district court properly quashed the indictment, the issue of the unauthorized deputy attorney general proceeding before the grand jury does not need to be addressed by this Court.

## CONCLUSION

This Court affirms the district court's order suppressing the evidence and quashing the indictment.

Chief Justice TROUT, Justice KIDWELL and Justice Pro tem WESTON concur.

Justice SCHROEDER, Dissenting.

I respectfully dissent from that portion of the opinion that determines that suppression is the appropriate remedy for the statutory violation that occurred. The district court

determined that the activities of the Tax Commission employees in the execution of the search warrants did not substantially comply with the statutory scheme requiring peace officers to execute search warrants. Accepting that there was a statutory violation, the suppression of the evidence is too draconian for the misstep that took place.

It is clear that Tax Commission employees could have assisted in the preparation of the documentation for the search warrant and could have assisted in its execution. They went beyond that role, but there are several factors that weigh against suppression as a remedy. The Tax Commission employees acted openly. They did not act covertly or attempt to conceal the roles they played. This was a mistake, not a series of acts calculated to violate Card's rights. Their activity in obtaining the warrant was known to the judge who issued the warrant and not questioned. In fact probable cause for issuance of the warrant was shown. That should be a primary focus in the process. Card was not subjected to a baseless search by rogue agents. A court found probable cause for the search. The same intrusions into Card's privacy would have occurred had the sheriff's deputies taken a more active part in supervising the activity. The search was not unreasonable; it was based upon a showing of probable cause.

Suppression of evidence is a court created remedy when governmental officials have acted improperly and there appears to be no other adequate remedy to persuade compliance with constitutional standards. Extending the reach of the remedy of suppression in this case of a statutory violation based on a mistake by the Tax Commission employees as to their authority is too extreme. The assumption is that the harsh remedy of suppressing otherwise valid evidence is necessary to deter future wrong conduct of a similar nature. No such need has been shown in this case. There is no pattern of improper behavior before the Court. Should a pattern develop, suppression might be the only effective method of deterrence, but at this point the remedy exceeds the need.