**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39638, 39640 & 39641**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 397 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 13, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MAX J. GORRINGE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Stephen Drescher, Juneal C. Kerrick, and Thomas J. Ryan, District Judges.

Orders denying motions to dismiss, <u>affirmed</u>; judgment of conviction for attempted strangulation, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Max J. Gorringe appeals from orders denying his motions to dismiss in Docket Nos. 39638 and 39640. Gorringe also appeals from his judgment of conviction for attempted strangulation in Docket No. 39641, specifically challenging the denial of his motion to dismiss. For the reasons set forth in this opinion, we affirm.

**I.**

**FACTS AND PROCEDURE**

These cases have a somewhat complicated procedural history. Gorringe was charged by criminal complaint filed on February 26, 2011, with felony domestic battery and second degree kidnapping. A warrant for his arrest was served, but it appears that no further proceedings were held in that case and it was dismissed without prejudice on May 4, 2011. On the same day, another criminal complaint was filed charging Gorringe with felony domestic battery, second

1

degree kidnapping, and attempted strangulation. A superseding indictment was filed on June 8, 2011, charging only felony domestic battery and second degree kidnapping. This case was appealed in Docket No. 39638. Gorringe was also charged with domestic battery and second degree kidnapping in a separate case which was initiated by a grand jury indictment filed on June 8, 2011. That case was appealed in Docket No. 39640. In still another case, Gorringe was charged with attempted strangulation and second degree kidnapping. That case was initiated by the filing of a criminal complaint on May 20, 2011. A superseding grand jury indictment was filed in that case on June 8, 2011. That case was appealed in Docket No. 39641. The charges in each case stem from apparently separate events involving the same victim. Gorringe's initial appearance in the two cases initiated by criminal complaint (Docket Nos. 39638 and 39641) was held on May 25, 2011, and a preliminary hearing was scheduled for June 13. However, on June 8, separate superseding indictments were filed in those two cases as well as an indictment in Docket No. 39640.

Gorringe filed motions to dismiss in all three cases for violation of I.C.R. 5.1(a), arguing that the timeframe for conducting a preliminary hearing had been exceeded. Two separate hearings were held before two different judges. The first judge denied the motion as to all three cases. At a second hearing regarding a motion to dismiss in Docket No. 39641, counsel for Gorringe abandoned the motion, seeking only reinstatement of previous bonds. The district court denied the motion. Pursuant to a plea agreement, Gorringe pled guilty only to one count of attempted strangulation (Docket No. 39641) and reserved his right to appeal from the denial of his motion to dismiss. All of the remaining counts in all three cases were dismissed as part of the plea agreement. Gorringe now appeals and asserts that the district court erred when it denied his motions to dismiss.

## II.

## ANALYSIS

### A. Docket Nos. 39638 & 39640

Gorringe filed a notice of appeal in these cases, but did not challenge the denial of his motions to dismiss. In a footnote in his brief, Gorringe states that he will not pursue either appeal because the cases were dismissed and rendered moot. Therefore, we affirm the district court's denial of his motions to dismiss as to Docket Nos. 39638 and 39640.

**B.     Docket No. 39641**

The standard of review for a trial court's decision on a motion to dismiss is abuse of discretion. *State v. Card*, 137 Idaho 182, 184, 45 P.3d 838, 840 (2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Gorringe argues that the case should have been dismissed for violation of Idaho Criminal Rule 5.1, for failure to abide by the time limit to hold a preliminary hearing after an initial appearance, even though counsel abandoned that argument in the hearing on the motion to dismiss in the strangulation case. Gorringe asserts that the delay for a preliminary hearing was 105 days[1] in his case. On that basis, Gorringe argues the trial court erred when it denied his motion to dismiss. However, the error, if any, in denying the motion to dismiss was invited by Gorringe when his counsel expressly abandoned dismissal as a remedy for the alleged violation of Rule 5.1. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. One may not complain of errors one has consented to acquiesced in. In short, invited errors are not reversible. *State v. Norton*, 151 Idaho 176, 187, 254 P.3d 77, 88 (Ct. App. 2011). Therefore, we affirm the district court.

However, even addressing Gorringe's claim, Gorringe has not demonstrated any error. Where a defendant is indicted by a grand jury, the time limit for a preliminary hearing following an initial appearance in Rule 5.1(a) does not apply. Where a defendant is not in custody, the statutory time limit is increased from fourteen to twenty-one days. *Id*. A defendant seeking dismissal under a violation of Rule 5.1 must show either oppressive conduct on behalf of the state or prejudice to the defendant. *State v. Reutzel*, 130 Idaho 88, 93, 936 P.2d 1330, 1335 (Ct. App. 1997).

Gorringe's initial appearance in this case was on May 25, 2011. Gorringe bonded out that same day, triggering the twenty-one-day time limit applicable to defendants who are not in

---

[1]     Apparently, Gorringe is counting his time in custody from the date of his arrest in the subsequently dismissed case.

3

custody under Rule 5.1. The preliminary hearing was scheduled for June 13, 2011, per request of defense counsel. On June 8, 2011, a grand jury issued a superseding indictment in this case, rendering any question of time limits under Rule 5.1 moot. The underlying offense in the case, which is the offense Gorringe pled guilty to, is a separate incident and occurred on a separate date than the case filed on February 26. Therefore, whether Rule 5.1 was violated in either of the other two cases against Gorringe is irrelevant. For this case, the case in which the district court entered a judgment of conviction, there was no violation of Rule 5.1 and the district court properly denied the motion to dismiss.

## III.
## CONCLUSION

The orders denying the motions to dismiss as to Docket Nos. 39638, 39640, and 39641 and Gorringe's judgment of conviction in Docket No. 39641 are affirmed.

Judge LANSING and Judge GRATTON, **CONCUR.**

4