**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46626**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 30, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TYLER JAY ONG, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order denying motion to suppress, <u>affirmed</u>; order denying motion to dismiss, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Tyler Jay Ong appeals from the district court's judgment of conviction for possession of methamphetamine, driving without privileges, possession of drug paraphernalia, providing false information to police, and driving without insurance. Ong argues that the district court erred by denying his motions to suppress and dismiss. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement initiated a traffic stop after noticing the vehicle Ong was driving was missing the front bumper. Though Ong was pulled over for an equipment violation, he was ultimately arrested for driving without privileges, Idaho Code § 18-8001(3), and Ong was cited for failing to provide proof of insurance, I.C. § 49-1232. Officers searched Ong's vehicle as part of their inventory procedure and found methamphetamine and drug paraphernalia. As a result,

1

Ong was additionally charged with felony possession of a controlled substance, I.C. § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A(1).

At the preliminary hearing, Ong was precluded by the magistrate court from inquiring as to the constitutionality of the vehicle search. He was subsequently bound over to district court. Prior to trial, Ong filed a suppression motion and a motion to dismiss. As to the motion to dismiss, Ong asserted he had been denied an adequate preliminary hearing because the magistrate court had refused to allow questions related to the constitutionality of the vehicle search. The district court denied both motions. The district court determined dismissal was not necessary because Ong was able to file a motion to suppress in the district court and obtained a ruling on the merits.

Ong later pled guilty to all of the charges. Pursuant to the plea agreement, Ong entered a conditional guilty plea, specifically preserving his right to challenge the district court's denial of his motions to suppress and dismiss. The district court sentenced Ong to serve 120 days, which had already been served, for the misdemeanor offenses and to a concurrent unified term of four years with two years determinate for the felony possession charge. The sentence was suspended and Ong was placed on probation. Ong timely appeals.

## II.

## ANALYSIS

Ong argues that the district court erred by denying his motion to suppress and his motion to dismiss. In response, the State argues Ong has failed to demonstrate that the district court erred by concluding the totality of the circumstances showed a proper inventory search of the vehicle and to demonstrate any error in the preliminary hearing warranting dismissal of the case. We agree with the State and address each argument in turn.

### A.    The District Court Did Not Err by Denying Ong's Motion to Suppress

Ong argues the officer's decision to impound his vehicle was unreasonable given the "unique" circumstances of his case. However, Ong concedes the decision to impound the vehicle was consistent with the police department's policy.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

2

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Ultimately, the standard set forth in the Fourth Amendment is reasonableness. *Cady v. Dombrowski*, 413 U.S. 433, 439 (1973).

Inventory searches are a well-recognized exception to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *Illinois v. Lafayette*, 462 U.S. 640, 643 (1983); *State v. Owen*, 143 Idaho 274, 277, 141 P.3d 1143, 1146 (Ct. App. 2006). The legitimate purposes of inventory searches include protecting: (1) the owner's property while it remains in police custody; (2) the State against false claims of lost or stolen property; and (3) police from potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369-70 (1976). However, an inventory search must not be a ruse for general rummaging in order to locate incriminating evidence. *Florida v. Wells*, 495 U.S. 1, 3 (1990). "Inventory searches, when conducted in compliance with standard and established police procedures and not as a pretext for criminal investigations, do not offend Fourth Amendment strictures against unreasonable searches and seizures." *Weaver*, 127 Idaho at 290, 900 P.2d at 198.

Although inventory searches of impounded vehicles constitute an exception to the warrant requirement, an inventory search is not valid unless the police first obtain lawful possession of the vehicle. *State v. Foster*, 127 Idaho 723, 727, 905 P.2d 1032, 1036 (Ct. App. 1995). The Idaho Supreme Court has stated an impoundment of a vehicle constitutes a seizure and is thus subject to the limitations of the Fourth Amendment. *Weaver*, 127 Idaho at 291, 900 P.2d at 199. If the impoundment violates the Fourth Amendment, the accompanying inventory is also tainted, and evidence found in the search must be suppressed. *Id.* An impoundment will be found to comply with Fourth Amendment standards only if it was "reasonable under all the circumstances known to the police when the decision to impound was made." *Foster*, 127 Idaho

3

at 727, 905 P.2d at 1036. The initial decision to impound a vehicle following the operator's arrest is left to the discretion of the officer involved. *State v. Smith*, 120 Idaho 77, 80, 813 P.2d 888, 891 (1991).

Ong does not contend that the Coeur d'Alene Police Department failed to have standards and procedures in place. Ong also does not assert that the inventory search itself was improperly conducted. Instead, Ong argues that the decision to impound his vehicle was unreasonable under the circumstances for the following reasons: (1) he was lawfully parked in a residential area; (2) the vehicle belonged to a third party; and (3) time was not of the essence. Ong claims these circumstances all demonstrate the decision to impound was unreasonable. Ong, citing *Foster*, argues that because his car was lawfully parked in a place where it presented no hazard, it should not have been impounded. In *Foster*, this Court held that the impoundment of a defendant's car was unreasonable because the State had presented no justification for the officer's decision to impound it:

> Foster's car was parked off the street on a private driveway at a duplex rented by an acquaintance of Foster. It was not illegally parked or interfering with traffic. There is no evidence that the duplex tenant or owner objected to the vehicle's remaining temporarily on the driveway. The police had no reason to believe the vehicle was stolen or abandoned or that is was at risk of theft or damage.

*Foster*, 127 Idaho at 727, 905 P.2d at 1036. Since the State in *Foster* failed to meet its burden to show that the decision to impound was reasonable, this Court held that the district court erred in holding that the search fell within the inventory exception of the Fourth Amendment. *Id*. at 727-28, 905 P.2d at 1036-37.

This case is distinguishable from *Foster*. There, the vehicle was parked in a private driveway of an acquaintance without objection or risk of damage. Here, the vehicle was not parked at a private residence, the owner of the vehicle lived out of state, and the vehicle was uninsured. Thus, before the vehicle could be removed, a driver would need to obtain insurance coverage or confirm that the owner had insurance which would cover the vehicle as required by Idaho law. The fact that the vehicle was uninsured could well have extended the time it would need to remain on the street before it could be legally operated. Moreover, the arresting officer testified he had a concern that the particular area was known for a higher rate of vehicle burglaries, leaving it at risk for theft or damage, and the district court credited this testimony. Moreover, Ong concedes the inventory and subsequent impoundment was done per department policy. Considering the vehicle was uninsured and could not be operated legally and was on a

4

public street in an area with a higher rate of vehicle burglaries, the officer's decision to impound Ong's vehicle was objectively reasonable. Accordingly, the district court did not err in denying Ong's motion to suppress.

**B.      The District Court Did Not Err by Denying Ong's Motion to Dismiss**

Ong argues the magistrate court's decision to exclude evidence related to the constitutionality of the vehicle's search violated Idaho Criminal Rule 5.1(b)[1] and, specifically, that the district court should have dismissed the case on that basis. Ong notes that he is mindful that he had the opportunity to pursue his suppression issue before the district court and obtained a ruling on the merits, but nevertheless claims it was error for the magistrate court to exclude relevant evidence related to suppression. Ong asserts that because he was precluded from developing evidence related to the constitutionality of the vehicle search at the preliminary hearing, he was precluded from addressing the legality of the discovery of the methamphetamine and drug paraphernalia relative to the magistrate court's probable cause determination. Accordingly, he contends the district court's decision to deny his motion to dismiss on this basis was error. The State counters Ong has failed to show any legal basis for dismissal. We agree with the State.

Trial court orders on motions to dismiss are reviewed using an abuse of discretion standard. *State v. Card*, 137 Idaho 182, 184, 45 P.3d 838, 840 (2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Ong disregards the standard of review, instead arguing that "because the presiding magistrate erred in excluding relevant evidence at Mr. Ong's preliminary hearing, and this error could have had an impact on the magistrate's ultimate probable cause determination, the district

---

[1]      Idaho Criminal Rule 5.1(b) provides:
> Probable Cause Finding.  If the magistrate finds that a public offense has been committed and that there is probable or sufficient cause to believe that the defendant committed the offense, the magistrate must immediately require the defendant to answer to the district court.  The finding of probable cause must be based on substantial evidence on every material element of the offense charged.

court erred in denying Mr. Ong's motion to dismiss." However, even if the magistrate court erred in this determination, Ong has not shown how this would merit or require dismissal. A defendant is not entitled to exclusion of unconstitutionally obtained evidence from a preliminary hearing. *See Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 363 (1998) (declining to extend the exclusionary rule to proceedings other than criminal trials). As noted by the State, holding otherwise would turn the preliminary hearing into a suppression hearing, which would serve no identifiable purpose, as Ong was given an opportunity to properly address the merits of his argument at a suppression hearing. Ong fails to argue otherwise. The district court did not abuse its discretion by denying Ong's motion to dismiss on the basis that he was not able to develop suppression evidence at his preliminary hearing.

### III.

### CONCLUSION

The impoundment and inventory search of Ong's vehicle complied with police department policies and was objectively reasonable. Thus, the district court did not err in denying Ong's motion to suppress. Additionally, the district court did not abuse its discretion by denying Ong's motion to dismiss. Accordingly, we affirm the district court's orders denying Ong's motions to suppress and dismiss.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.